IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAZIEL BRIAH,                                    Case No. 3:16-cv-635-SI (LEAD)

        Plaintiff,                                **ORDER**

    v.

SIRI OVERSTREET,

        Defendant.

RAZIEL BRIAH,                                    Case No. 3:16-cv-817-SI

        Plaintiff,                                **ORDER**

    v.

BONTHAUY BANKHONG,

        Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Raziel Briah ("Briah"), also known as Scott Smith, filed separate *pro se* suits

against Defendants Siri Overstreet ("Overstreet"), a United States Probation Officer, and

PAGE 1 – OPINION AND ORDER

Bonthauy Bankhong ("Bankhong"), allegedly a "government [e]mployee." ECF 2 at 3.[1] The

Court consolidated these cases on May 27, 2016. ECF 11. The Court also granted Briah's

Application for Leave to Proceed *in forma pauperis* in his case against Bankhong. ECF 5

in 3:16-cv-817-SI. Overstreet has moved to dismiss under Federal Rule of Civil

Procedure 12(b)(6). The Court finds that even under the liberal pleading standards afforded a

*pro se* plaintiff, Briah fails to state a claim upon which relief may be granted. Accordingly, for

the reasons that follow, this case is dismissed.

## STANDARDS

### A. *Pro Se* Pleading Standard

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the

benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is

absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice

of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'"

*Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original)

(quoting *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal

Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." This standard "does not

require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

(quoting *Twombly*, 550 U.S. at 555).

---

[1] Unless otherwise noted, references to documents filed on ECF are to the docket in case
number 3:16-cv-635-SI.

**B.  Dismissal of a Complaint Filed *in Forma Pauperis***

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the Court determines that the action is "frivolous or malicious" or the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing an earlier version of the statute); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991) (per curiam); *Jackson*, 885 F.2d at 640. The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

**C.  Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office*

*Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678-79.

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## BACKGROUND

Briah filed his first complaint against Overstreet *pro se* in the Small Claims Department of the Multnomah County Circuit Court. ECF 1-1. On April 14, 2016, Overstreet removed the case, 3:16-cv-635-SI, to federal court. ECF 1. Briah filed his first complaint against Bankhong on May 10, 2016, and requested to proceed *in forma pauperis*. ECF 1 in 3:16-cv-817-SI; ECF 2 in 3:16-cv-817-SI. The Court granted Briah's request. ECF 5 in 3:16-cv-817-SI. These two cases are consolidated.

Overstreet moved to dismiss on May 25, 2016. ECF 7. On May 27, 2016, the Court denied Overstreet's motion without prejudice and gave Briah 30 days to file an amended complaint after *pro bono* counsel accepted appointment. ECF 10. On the same day that the Court entered its order, Briah filed an Amended Complaint *pro se*. ECF 13. On July 5, 2016, *pro bono* counsel accepted appointment. ECF 27. The Court granted *pro bono* counsel an extension until September 9, 2016, to file a second amended complaint. ECF 41. Shortly before the second amended complaint was due, *pro bono* counsel moved to withdraw, citing Briah's failure to communicate with counsel. ECF 32-1. The Court granted that motion. ECF 33. On October 14, 2016, Overstreet filed a second motion to dismiss. ECF 35. Briah failed to respond by the

PAGE 4 – OPINION AND ORDER

deadline of October 31, 2016. The Court extended Briah's deadline to respond until December 9, 2016. ECF 36. Briah has not responded to the pending motion to dismiss or filed a second amended complaint.

## DISCUSSION

Briah has filed three *pro se* complaints in this case, all of which also have various documents attached. The operative complaint is the Amended Complaint, but the Court considers all three complaints in construing Briah's allegations in order to give Briah the benefit of any reasonable doubt.

In Briah's first complaint against Overstreet, Briah alleges that on or about February 15, 2016, Overstreet owed him $9,500 and neglected to perform her job, causing Briah to lose his job, house, property, and merchandise. ECF 1-1 at 1. Attached to Briah's state court complaint is a United States Probation "Complaint Record" form. ECF 1-1 at 4. In the Complaint Record, Briah alleges that Overstreet "committed acts of neglect" and "maliciously sabotaged deliberately the progress of Scott Smith." ECF 1-1 at 4. Briah also alleges that Overstreet caused him medical injury and put his life in danger. ECF 1-1 at 4. The Complaint Record alleges that Overstreet owes Briah $80,000 in damages. ECF 1-1 at 4.

In Briah's Complaint against Bankhong, Briah alleges that Bankhong "acted violent and caused me physical harm," abused her power by stating that she works for the police and other government agencies and by hacking his phone, committed perjury, stole his property, violated a restraining order, breached a contract, and threatened him, causing him to fear for his life. ECF 2 at 3 in 3:16-cv-817-SI. Briah also alleges that he suffered an injured left eye and sprained ankle due to Bankhong's knowledge of martial arts. ECF 2 at 4 in 3:16-cv-817-SI.

In Briah's Amended Complaint against Overstreet and Bankhong, which is the operative complaint, Briah increases his demand for damages to $50 million and includes a conclusory list

PAGE 5 – OPINION AND ORDER

of alleged wrongs, such as "Negligence, Abuse of Power, Abuse of Process, Conspiracy, Conspirators," and others. ECF 13 at 1. Briah also attaches three documents to the Amended Complaint. First, Briah attaches a letter from Briah to Multnomah County Circuit Presiding Judge Nan Waller in which Briah complains that Multnomah County Circuit Judge Beth Allen did not allow Briah to present certain evidence in a case involving Bankhong and that Bankhong "has abused her power of authority" as a government employee by "g[etting] other people to bend rules for her." ECF 13 at 2. Briah has not named Judge Allen as a defendant in this case. Second, Briah attaches a Multnomah County Circuit Court "Concerns/Suggestions" form in which he alleges that Multnomah County Circuit Referee Michael Zusman failed to honor a default judgment, denied Briah time to prepare for trial, and ruled against Briah due to his bias toward Bankhong. ECF 13 at 3. Briah has not named Referee Zusman as a defendant in this case. Briah also seeks the value of a phone that he alleges he was given because the phone is listed as stolen. ECF 13 at 3. Briah does not identify who gave him the phone. Third, Briah attaches a letter from Briah to the Office of the Federal Public Defender terminating the Office's representation of him. ECF 13 at 4. This letter does not mention either of the Defendants.

Briah's three complaints contain no factual allegations supporting any claim. It is unclear what law Briah is alleging that Overstreet and Bankhong violated. Briah summarily states that Overstreet committed acts of neglect and sabotage, causing him between $9,500 and $50 million in damages, but does not identify the acts that Overstreet allegedly committed or describe how those acts caused him such damages. Briah alleges that Bankhong abused her authority as a government employee and hacked into his phone, but does not provide any further factual details surrounding Bankhong's alleged abuse of power. Briah claims that Bankhong committed various wrongs, including causing him physical harm, stealing his property, breaching a contract with

him, violating a restraining order, and committing perjury, but does not allege that she did so

"under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

the District of Columbia." 42 U.S.C. § 1983. Nor does Briah explain how Bankhong committed

such wrongs. Finally, Briah claims that the Court has subject matter jurisdiction over his case

against Bankhong based on diversity of citizenship, but does not plausibly explain how the

amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Even interpreting Briah's complaints under the liberal *pro se* pleading standard and

affording him the benefit of any reasonable doubt, the complaints contain no facts that could

support a cause of action. For these reasons, the Court holds that the complaints, including the

Amended Complaint (ECF 13), fail to state a claim on which relief may be granted and are

frivolous. *See* 28 U.S.C. § 1915(e)(2). For the same reason, the Court grants Overstreet's motion

to dismiss.

**CONCLUSION**

Briah's Amended Complaint (ECF 13) is DISMISSED as frivolous and for failure to

state a claim upon which relief may be granted. Defendant's Motion to Dismiss (ECF 35) is

GRANTED. The Court further finds that any appeal from this Order would not be taken in good

faith and Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C.

§ 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 10th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge